EASTERN DISTRICT of KENTUCKY
TENDERED
DATE 3-6-13
ROBERT R. CARR
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND
CIVIL ACTION NO. 13cv22-HRW

LUERENE P. ISON PLAINTIFF

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

LIFE CARE CENTERS OF AMERICA, INC.
d/b/a Life Care Center of Morehead
3570 Keith Street, N.W.
Cleveland, Tennessee 37311

Serve: CSC-Lawyers Incorporating Service Company
421 West Main Street
Frankfort, Kentucky 40601

KEVIN TRENT,
Administrator of Life Care Center of Morehead

Serve: 933 North Tolliver Road
Morehead, Kentucky 40351 DEFENDANTS

*************************

Comes the Plaintiff Luerene P. Ison, by counsel, and for her First Amended Complaint against the Defendants Life Care Centers of America, Inc. d/b/a Life Care Center of Morehead and Kevin Trent, Administrator of Life Care Center of Morehead, states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. The Plaintiff Luerene P. Ison resides in the Commonwealth of Kentucky and her address is 624 Rawcel Street, Morehead, Kentucky 40351.

2. Upon information and belief, the Plaintiff Luerene P. Ison was a resident of Life Care Centers of America, Inc. d/b/a Life Care Center of Morehead in Rowan County, Kentucky, from April 3, 2012 until April 7, 2012.

3. The Defendant Life Care Centers of America, Inc. is a for profit foreign company organized and existing under the laws of the State of Tennessee with its principal place of business at 3570 Keith Street, N.W., Cleveland, Tennessee 37311. Upon information and belief, at all times material to this action, the Defendant Life Care Centers of America, Inc. owned, operated, managed, controlled and/or provided services for the facility, Life Care Center of Morehead, located at 933 North Tolliver Road, Morehead, Kentucky 40351. The causes of action made the basis of this suit arise out of such business conducted by said Defendant Life Care Centers of America, Inc. in the ownership, operation, management, control and/or services provided for this facility during the residency of the Plaintiff Luerene P. Ison. The Defendant Life Care Centers of America, Inc. conducts regular and persistent business in Kentucky, and has designated agent CSC-Lawyers Incorporating Service Company, 421 West Main Street, Frankfort, Kentucky 40601, as its agent for service of process on records with the Kentucky Secretary of State.

4. Upon information and belief, Defendant Kevin Trent is a resident of the Commonwealth of Kentucky and was an Administrator of Life Care Center of Morehead during the residency of Luerene P. Ison. The causes of action made the basis of this suit arise out of Defendant Kevin Trent's administration of the facility during the residency of Luerene P. Ison. Kevin Trent may be served with service of process at 933 North Tolliver Road, Morehead, Kentucky 40351.

5. The Defendants controlled the operation, planning, management, budget and quality control of Life Care Center of Morehead. The authority exercised by the Defendants over Life Care Center of Morehead included, but was not limited to, control of marketing, human resources management, training, staffing, creation and implementation of all policy and procedure manuals

used by Life Care Center of Morehead, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, and financial tax and accounting control through fiscal policies established by the Defendants.

6. Jurisdiction and venue are proper in this Court.

7. Upon information and belief, the Plaintiff Luerene P. Ison was looking to Defendants for treatment of her total needs for custodial, nursing, rehabilitation and medical care and not merely as the situs where others not associated with the facility would treat her.

8. At all relevant times mentioned herein, the Defendant Life Care Centers of America, Inc. owned, operated, and/or controlled Life Care Center of Morehead, either directly or through the agency of each other and/or other diverse subalterns, subsidiaries, governing bodies, agents, servants and/or employees.

9. The Defendants are directly or vicariously liable for any acts and omissions by any person or entity, controlled directly or indirectly, including any governing body, officer, employee, ostensible or apparent agent, partner, consultant or independent contractor, whether in-house or outside individuals, entities, agencies or pools.

10. Due to the wrongful and negligent conduct of the Defendants, during her residency at Life Care Center of Morehead from April 3, 2012 until April 7, 2012, the Plaintiff Luerene P. Ison suffered accelerated deterioration of her health and physical condition, beyond that caused by the normal aging process. During her residency at Life Care Center of Morehead, the Plaintiff Luerene P. Ison suffered injuries, unnecessary loss of personal dignity, pain and suffering, degradation, and emotional distress, all of which were caused by the wrongful and negligent conduct of the Defendants.

## CAUSES OF ACTION AGAINST LIFE CARE CENTERS OF AMERICA, INC. d/b/a Life Care Center of Morehead

### COUNT ONE: NEGLIGENCE

11. The Plaintiff incorporates all allegations in paragraphs 1-10.

12. The Defendant Life Care Centers of America, Inc. d/b/a Life Care Center of Morehead owed a non-delegable duty to the Plaintiff Luerene P. Ison to provide the custodial care, services, and supervision that a reasonably careful nursing home would provider under similar circumstances.

13. Upon information and belief, the Defendant Life Care Centers of America, Inc. knowingly developed and maintained staffing levels at Life Care Center of Morehead in disregard of patient acuity levels as well as the minimal time required to perform the essential functions of providing care to the Plaintiff Luerene P. Ison.

14. The Defendant Life Care Centers of America, Inc. d/b/a Life Care Center of Morehead negligently failed to deliver care, services and supervision during the Plaintiff Luerene P. Ison's residency from April 3, 2012 to April 7, 2012, which failures include, but are not limited to, the following acts and omissions:

a) The failure by the members of the governing body of Life Care Center of Morehead to discharge their legal and lawful obligation by:

    i. Ensuring compliance with the resident care policies of Life Care Center of Morehead; and
    ii. Ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care.

b) The failure to develop, implement, and follow policies to assist Luerene P. Ison in attaining and maintaining the highest level of physical, mental, and psychological well being and to promote her healing or cure.

c) The failure to maintain all records on Luerene P. Ison in accordance with

accepted professional standards and practices.

d) The failure to provide the minimum number of qualified personnel to meet the total needs of Luerene P. Ison.

e) The failure to ensure that Luerene P. Ison received adequate and proper nutrition, fluids, supervision, therapeutic diet, and skin care.

f) The failure to provide Luerene P. Ison with adequate hygiene and sanitary care.

g) The failure to monitor or increase the number of nursing personnel at Life Care Center of Morehead to ensure that Luerene P. Ison received timely and accurate care assessments.

h) The failure to ensure the facility was properly staffed with qualified and trained personnel.

i) The failure to have in place adequate guidelines, policies and procedures of Life Care Center of Morehead and to administer those policies through enforcement of any rules, regulations, by-laws or guidelines.

j) The failure to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care at Life Care Center of Morehead.

k) The failure to provide Luerene P. Ison with adequate amounts of fluid to prevent dehydration.

l) The failure to take necessary and reasonable custodial measures to prevent the onset and progression of skin breakdown and pressure sores during Luerene P. Ison's residency.

15. A reasonably careful nursing facility would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in injuries to Luerene P. Ison.

16. Each of the foregoing acts of negligence on the part of the Defendant Life Care Centers of America, Inc. d/b/a Life Care Center of Morehead was accomplished by such wanton or reckless disregard for the health and safety of Luerene P. Ison as to constitute gross negligence.

17. Pursuant to KRS 446.070, the Plaintiff Luerene P. Ison also alleges the Defendant Life Care Centers of America, Inc. d/b/a Life Care Center of Morehead violated statutory and regulatory duties of care, the violations of which are actionable as negligence per se. The Plaintiff Luerene P. Ison was injured by the statutory violation of the Defendant Life Care Centers of America, Inc. d/b/a Life Care Center of Morehead and is within the class of persons for whose benefit the statutes were enacted and who were intended to be protected by these statutes. The negligence per se of the Defendant Life Care Centers of America, Inc. d/b/a Life Care Center of Morehead included, but is not limited to violation(s) of the following:

a) Violation(s) of KRS 209.005 et seq. and the regulations promulgated thereunder, by abuse, neglect, and/or exploitation of Luerene P. Ison.

b) Violation(s) of applicable federal laws and regulations governing the certification of long term care facilities under Titles XVIII or XIX of the Social Security Act.

18. As a direct and proximate result of such negligent, grossly negligent, wanton or reckless conduct, the Plaintiff Luerene P. Ison suffered the injuries described herein. As a result, the Plaintiff Luerene P. Ison asserts a claim for judgment for all compensatory and punitive damages against the Defendant Life Care Centers of America, Inc. d/b/a Life Care Center of Morehead, including, but not limited to, medical expenses, hospitalizations, pain and suffering, mental anguish, degradation, emotional distress and unnecessary loss of personal dignity in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs, and all other relief to which Plaintiff is entitled by law.

## COUNT TWO: MEDICAL NEGLIGENCE

19. The Plaintiff incorporates all allegations contained in paragraphs 1-18.

20. The Defendant Life Care Centers of America, Inc. d/b/a Life Care Center of Morehead had a duty to provide the standard of professional medical care and services of a reasonably competent nursing facility acting under the same or similar circumstances.

21. The Defendant Life Care Centers of America, Inc. d/b/a Life Care Center of Morehead failed to meet applicable standards of medical care. The medical negligence or malpractice of the Defendant Life Care Centers of America, Inc. d/b/a Life Care Center of Morehead included, but was not limited to, the following acts and omissions:

a) The overall failure to ensure that Luerene P. Ison received the following:

   i. Timely and accurate care assessments;
   ii. Prescribed treatment, medications, and diet;
   iii. Necessary supervision; and
   iv. Timely nursing and medical intervention.

b) The failure to hire and retain sufficient professional nursing staff.

c) The failure to adequately assess, evaluate, and supervise nursing staff.

d) The failure to provide and implement an adequate nursing care plan based on the needs of Luerene P. Ison.

e) The failure to assess the risk and prevent, treat or heal the development or worsening of skin breakdown and pressure sores.

f) The failure to ensure that Lueren P. Ison received adequate and proper nutrition, fluids, supervision, medication and skin care.

g) The failure to provide care, treatment and medication in accordance with physician's orders.

h) The failure to adequately and appropriately monitor Luerene P. Ison and recognize significant changes in her health status, and to timely notify her physician of significant changes in her health status.

i) Violation(s) of applicable federal laws and regulations governing the certification of long term care facilities under Titles XVIII or XIX of the Social Security Act.

22. It was foreseeable that the breaches of care listed above would result in injuries to the Plaintiff Luerene P. Ison. A reasonably competent nursing facility acting under the same or similar circumstances would not have failed to provide the care listed above.

23. With regard to each of the foregoing acts of professional or medical negligence, the Defendant Life Care Centers of America, Inc. d/b/a Life Care Center of Morehead acted with oppression, fraud, malice, and/or was grossly negligent by acting with wanton or reckless disregard for the health and safety of Luerene P. Ison.

24. As a direct and proximate result of such negligence, gross negligence, oppression, fraud, malice, wanton and/or reckless conduct, Luerene P. Ison suffered the injuries described herein. As a result, the Plaintiff Luerene P. Ison asserts a claim for judgment for all compensatory and punitive damages against the Defendant Life Care Centers of America, Inc. d/b/a Life Care Center of Morehead, including, but not limited to, medical expenses, hospitalizations, pain and suffering, mental anguish, degradation, emotional distress, and unnecessary loss of personal dignity in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs, and all other relief to which the Plaintiff Luerene P. Ison is entitled by law.

## CAUSES OF ACTION AGAINST ADMINISTRATOR

### COUNT ONE: NEGLIGENCE

25. Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1-10 as if fully set forth herein.

26. Upon information and belief, Kevin Trent was the Administrator of Life Care Center of Morehead during Luerene P. Ison's residency.

27. As the respective Administrator of Life Care Center of Morehead, Kevin Trent was required to be licensed by the Commonwealth of Kentucky. Kevin Trent owed ordinary duties of care to Luerene P. Ison, as well as professional duties and statutory duties owed to residents by licensed nursing home administrators in Kentucky; pursuant to the Nursing Home Administrators Licensure Act of 1970, codified as Kentucky Revised Statutes sections 216A.010 *et seq.*

28. Kevin Trent, as holder of a nursing home administrators license, was legally and individually responsible for the operation of Life Care Center of Morehead and the welfare of its residents pursuant to Chapter 216A of the Kentucky Revised Statutes and Title 201, Chapter 6 of the Kentucky Administrative Regulations.

29. Kevin Trent was also responsible for the total management of Life Care Center of Morehead pursuant to federal law.

30. Kevin Trent's management responsibilities included ensuring that Life Care Center of Morehead operated and provided services in compliance with all applicable federal, state, and local laws, regulations, and codes, and within accepted professional standards and principles.

31. Kevin Trent was responsible for ensuring that the facility complied with state and federal regulations related to nursing facilities. Kevin Trent had a duty to administrate the facility in a manner that enabled it to use resources effectively and efficiently to attain or maintain the

highest practicable, physical, mental and psychological well-being of each resident. Life Care Center of Morehead, under the leadership of its administrator, is also required to operate and provide services in compliance with all applicable federal, state and local laws, regulations and codes and with accepted professional standards and principles that apply to professionals providing services in such a facility. Kevin Trent breached his respective duties of care to Luerene P. Ison by failing to meet these requirements.

32. As Administrator of Life Care Center of Morehead, Kevin Trent owed a duty to the residents of the facility, including Luerene P. Ison, to provide services as a reasonable administrator within accepted standards for nursing home administrators.

33. Kevin Trent breached his respective duties owed to the residents of Life Care Center of Morehead, including Luerene P. Ison, during his tenure as Administrator by failing to supervise nurses and nurses' aides and failing to hire sufficient nurses and nurses' aides and, as such, the nurses and nurses' aides were unable to provide Luerene P. Ison the care she required. The negligence of the Administrator, Kevin Trent, includes, but is not limited to, the following acts and omissions:

a) Failure to provide sufficient numbers of qualified personnel to meet the total needs of Luerene P. Ison throughout her residency and to ensure that Luerene P. Ison:

    i. received timely and accurate care assessments; and
    ii. received prescribed treatment, medication, and diet.

b) Failure to adequately screen, evaluate, and test for competence in selecting personnel to work at the facility.

c) Failure to ensure that Luerene P. Ison was provided with basic and necessary care and supervision.

d) Failure to ensure that Luerene P. Ison attained and maintained his highest level of physical, mental, and psychosocial well-being.

e) Failure to ensure that Luerene P. Ison received care, treatment, and medication as prescribed or in accordance with physician's orders.

f) Failure to ensure that Luerene P. Ison was treated with the dignity and respect that all nursing home residents are entitled to receive.

g) Failure to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care at the facility.

h) Failure to discipline or terminate employees at the facility assigned to Luerene P. Ison that were known to be careless, incompetent, and unwilling to comply with the policy and procedures of the facility and the rules and regulations promulgated by the Cabinet for Health and Family Services.

i) The failure to adopt adequate guidelines, policies, and procedures for:

   i. determining whether the facility had sufficient numbers of personnel to meet the total needs of Luerene P. Ison; and
   ii. documenting, maintaining files, investigating, and responding to any complaint regarding the quality of resident care, or misconduct by employees at the facility, regardless of whether such complaint derived from a resident of said facility, an employee of the facility, or any interested person.

j) Failure to provide adequate supervision to the nursing and custodial staff so as to ensure that Luerene P. Ison received adequate and proper nutrition, fluids, therapeutic diet, sanitary care treatments, and skin care to prevent infection, and sufficient nursing observation and examination of the responses, symptoms, and progress in the physical condition of Luerene P. Ison.

k) Failure to maintain all records on Luerene P. Ison in accordance with accepted professional standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to his diagnosis, treatment, and appropriate care plans of care and treatment.

34. A reasonably careful nursing home administrator would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in serious injuries to Luerene P. Ison. Each of the foregoing acts of negligence on the part of Kevin Trent was accompanied by such wanton or reckless disregard for the health and safety of Luerene P. Ison as to constitute gross negligence.

35. Additionally, Kevin Trent's failure to operate, manage or administer Life Care Center of Morehead in compliance with federal, state, and local laws, regulations, and codes intended to protect nursing home residents, included, but was not limited to:

a) Failure to ensure compliance with rules and regulations of the Cabinet for Health and Family Services, pursuant to Chapters 216, 216B and 13A of the Kentucky Revised Statutes and the administrative regulations promulgated thereunder, and the federal minimum standards imposed by the United States Department of Health and Human Services.

b) Failure to ensure compliance with laws and regulations promulgated by the Cabinet for Health and Family Services to provide the minimum number of staff necessary to assist Luerene P. Ison with her needs.

c) Failure to ensure compliance with law and regulations of the Board of Licensure for Nursing Home Administrator pursuant to the Nursing Home Administrator Licensure Act of 1970, Kentucky Revised Statutes sections 216A.010 *et. seq.*

d) Failure to provide the necessary care and services to attain or maintain the highest practicable, physical, mental, and psychosocial well-being of Luerene P. Ison, and in accordance with the comprehensive assessment and plan of care created at the facility.

e) Failure to provide sufficient nursing staff and nursing personnel to provide adequate and appropriate nursing care to Luerene P. Ison in accordance with the resident care plan generated at the facility.

f) Failure to administer the facility in a manner that enabled it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychosocial well-being of Luerene P. Ison.

g) Failure to ensure a nursing care plan based on Luerene P. Ison's problems and needs was established which contained measurable objectives and time tables to meet her medical, nursing, mental, and psychosocial needs as identified in her comprehensive assessment, which was reviewed and revised when the needs of Luerene P. Ison changed.

h) Failure to notify Luerene P. Ison's family and physician of a need to alter her treatment significantly.

i) Failure to ensure that Luerene P. Ison maintained acceptable

parameters of nutritional status and received a therapeutic diet throughout her residency.

36. Luerene P. Ison is a member of a class intended to be protected by the above laws and regulations. The injuries Luerene P. Ison sustained resulted from events the laws and regulations were designed to prevent.

37. It was foreseeable that these breaches of statutory duties would result in serious injuries to Luerene P. Ison. Each of the foregoing acts of negligence *per se* on the part of Defendant Kevin Trent, Administrator of Life Care Center of Morehead was accompanied by such wanton or reckless disregard for the health and safety of Luerene P. Ison as to constitute gross negligence.

38. As a direct and proximate result of such grossly negligent, wanton, or reckless conduct, Luerene P. Ison suffered the injuries and asserts claims for judgment for all compensatory and punitive damages against Kevin Trent, in his capacity as Administrator of Life Care Center of Morehead, including, but not limited to, medical expenses, hospitalizations, pain and suffering, mental anguish, degradation, disability, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiffs are entitled by law.

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiff Luerene P. Ison prays for judgment against the Defendants Life Care Centers of America, Inc. d/b/a Life Care Center of Morehead, and Kevin Trent, Administrator of Life Care Center, as follows:

a. For compensatory damages which will fairly and reasonably compensate the Plaintiff in an amount in excess of the jurisdictional limits of this Court.

b. For punitive damages.

c. For costs expended herein.

d. For Plaintiff's attorney fees.

e. For a trial by jury on all issues so triable.

f. For pre- and post-judgment interest at the rate of 12% per annum.

g. For any and all other relief to which Plaintiff may appear entitled.

Respectfully Submitted,

**CMPW Law, LLC**

**Ronald M. Wilt**
**Stephen A. Klausing, Jr.**
600 West Main Street
Suite 100
Louisville, Kentucky 40202
(502) 540-5700
(502) 540-1200 (facsimile)
*Counsel for Plaintiff*